**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STREAM TV NETWORKS, INC., and TECHNOVATIVE MEDIA, INC.<br><br>        Debtors-in-Possess<br><br>v.<br><br>REMBRANDT 3D HOLDING LTD.<br><br>        Creditor<br><br>AND<br><br>WILLIAM A. HOMONY<br><br>        Trustee. | C.A. No. 2:24-cv-02727-JMG |

**STATEMENT OF ISSUES ON APPEAL**

1) Did the bankruptcy court violate the provisions of the Federal Rules of Bankruptcy Procedures Rule 9014(e) by failing to provide procedures that enabled the parties to ascertain at a reasonable time before any scheduled hearing whether the hearing will be an evidentiary hearing at which witnesses may testify?

2) Did the bankruptcy court violate the provision of the Federal Rules of Bankruptcy Procedures Rule 7027 by not allowing depositions of witnesses prior to testimony at an evidentiary hearing?

3) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating the whether the trustee is assuming or rejecting the Rembrandt and Philips licenses?

4) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when trustee admitted that he had not engaged intellectual property counsel to advise on the impact of the settlement on intellectual property licenses from Philips and Rembrandt?

5) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when trustee admitted that he had not engaged intellectual property counsel to advise on the impact of the settlement on potential intellectual property claims from Philips and Rembrandt?

6) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating the cost to the bankruptcy estates of litigating claims by Rembrandt as the debtors take actions to honor the terms of the proposed settlement?

7) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating whether use of Rembrandt's intellectual property without a license will mean that "trustees, receivers or managers of any

property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property" Following the holdings in Voice Sys. and Servs., Inc. v. VMX, Inc., citing 28 U.S.C. § 959(a)?

8) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating the need for and cost of a license from Rembrandt to honor the terms of the proposed settlement?

9) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating the impact of removing Rembrandt technology from assets being sold as part of the asset sale required by the terms of the proposed settlement?

10) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating whether it is necessary to remove Rembrandt technology from assets being sold as part of the asset sale required by the terms of the proposed settlement?

11) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising

herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating the cost to the estate to litigate the need to remove Rembrandt technology from assets being sold as part of the asset sale required by the terms of the proposed settlement?

12) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating the damage to the value of the assets in the estate if the debtors are required to remove Rembrandt technology from assets being sold as part of the asset sale required by the terms of the proposed settlement?

13) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating whether it is possible to sell any of the assets of the debtors without approval from Rembrandt and/or Philips?

14) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the assets of the bankruptcy estate have been obfuscated, hidden, and compromised by the secured creditors such that there is nothing of value to sell?

15) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising

herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the secured creditors would not have been able to make a credit bid in a sale until Rembrandt's objections to their claims were fully adjudicated?

16) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating Rembrandt's objections to the claims of the secured creditors?

17) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, without evaluating whether the trustee fully investigated the conduct of prior management to uncover and assert causes of action against the debtor's officers and directors as required by 11 U.S.C. §§ 704(4), 547, 548 in accordance with the holding in Commodity Futures Trading Commission v Weintraub, 471 US 343 (1985)?

18) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the Hawk secured creditors had no security in Technovative or any of the subsidiaries yet the proposed settlement provides the financial benefit of the sale of Technovative assets to Hawk on a claim exclusive to Stream?

19) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the proposed settlement agreement requires a minimum bid of $120 million when the total secured claims in the Technovative bankruptcy estate are less than $20 million yet most of the assets with substantial value are held in Technovative or Technovative's subsidiaries?

20) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the proposed settlement agreement requires a minimum bid of $120 million in an asset sale when Hawk's secured claim can be converted to equity upon investment of $39 million into Stream?

21) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the proposed settlement agreement requires a minimum bid of $120 million when Hawk's secured claim can be converted to equity upon investment of $39 million into Stream?

22) Did the bankruptcy court meet the requirements to form informed and independent judgment as to whether a proposed compromise is fair and equitable by apprising herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, when the secured creditors would not have been

able to make a credit bid in a sale until Rembrandt's objections to their claims were fully adjudicated?

Dated: July 5, 2024

*/s/ Andrew DeMarco*
Andrew DeMarco, Esq. (PA Bar No. 326294)
ademarco@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Rembrandt 3D Holding Ltd.*