IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STREAM TV NETWORKS, INC., and TECHNOVATIVE MEDIA, INC. | : : : : |
| Debtors-in-Possession | : C.A. No. 2:24-cv-02727-JMG : |
| v. | : : |
| REMBRANDT 3D HOLDING LTD. | : : |
| Creditor | : : |
| AND | : : |
| WILLIAM A. HOMONY | : : |
| Trustee. | : : |

**RESPONSE OF WILLIAM A. HOMONY,
CHAPTER 11 TRUSTEE OF STREAM NETWORKS, INC., AND TECHNOVATIVE
MEDIA, INC. IN OPPOSITION TO THE MOTION OF REMBRANDT 3D HOLDINGS,
LTD. TO CLARIFY DEADLINES, OR IN THE ALTERNATIVE, FOR EXTENSION OF
TIME TO FILE APPELLANT'S BRIEF, AND CROSS-MOTION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 8018 TO DISMISS APPEAL FOR
<u>FAILURE TO COMPLY WITH THE RULES OF COURT</u>**

William A. Homony (the "Trustee" or "Appellee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative" or in conjunction with Stream, the "Debtors"), by and through his counsel, files this Response to the Motion to Clarify Deadlines, or in the Alternative, for Extension of Time (the "Motion") filed by Rembrandt 3D Holdings Ltd. ("Rembrandt" or the "Appellant") and Cross-Motion to Dismiss the Appeal in its entirety pursuant to Bankruptcy Rule 8018 (the "Cross-Motion") for the Appellant's failure to timely file required documents, including the Appellant's

4858-5317-8081 v5

Brief in this case as required by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and in support thereof, respectfully avers as follows:

The Appellant's alleged ignorance of the appellate procedure contained in both the Local Rules put in place by this Court (the "Local Rules") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") is inexcusable. If the Appellant honestly had questions with regard to the briefing timeline, the proper time to ask for clarification was after the Briefing Schedule was entered on the docket on July 24, 2024 (the "Briefing Schedule"). (D.I. #6). Instead, the Appellant has chosen to file the Motion over a month later and nearly two (2) weeks after the Appellant's Brief was due.

The Appellant's feigned ignorance of the appellate rules is nothing more than its latest delay tactic, intended to, in concert with Visual Semiconductor, Inc. ("VSI"), delay the Debtors' bankruptcy proceedings and the sale of their assets. This intent is evidenced by the Appellant's indifferent approach to the Appeal and repeated failure to comply with the Local Rules and the Bankruptcy Rules. Indeed, instead of attempting to file its brief late, the Appellant has the audacity to ask the Court for an undetermined amount of additional time to file its brief <u>after the due date of the brief, an action that is a blatant violation of the Local Rule 8018-1</u>.

The Appellee asserts that the Appellant has never demonstrated an intent to prosecute the present appeal diligently. Further, the Appellee asserts that the Appellant filed the appeal merely as a delay tactic to thwart the sale of the Debtors' assets and recklessly drive up legal expenses for the Debtors' bankruptcy estates.

The Motion must be denied as the Local Rules prohibit the extension of a deadline that has already passed. Further, the Cross-Motion must be granted, and the Appeal dismissed due to the

Appellant's failure to file its brief and repeated failures to comply with the Local Rules, Bankruptcy Rules, and the deadlines set by this Court.

I.    **RELEVANT BACKGROUND**[1]

The Debtors filed bankruptcy on March 15, 2023 (the "Petition Date") (BK D.I. #1). On April 6, 2023, Hawk Investment Holdings, Ltd. ("Hawk"), the Debtors' secured creditor, filed a motion pursuant to sections 1112/1104 of the Bankruptcy Code, seeking dismissal or conversion of the Debtors' cases, or alternatively, the appointment of a Chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code (the "1112/1104 Motion") (BK D.I. #94). On January 5, 2024, the Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") entered an order, which, among other things, (1) granted the 1112/1104 Motion with respect to the appointment of a Chapter 11 trustee —Trustee Order (BK D.I. #549). On January 12, 2024, the Bankruptcy Court entered an Order approving the appointment of William Homony as the Chapter 11 Trustee. (BK D.I. #558).

Thereafter, the Debtors and Hawk entered into a proposed settlement agreement that would, *inter alia*, provide a mechanism for the true value of the Debtors' assets could be assessed by exposing them to the market through a Bankruptcy Court approved sale process (the "Settlement"), and filed a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of the same (the "9019 Motion") (BK D.I #630). After notice and a hearing, the Bankruptcy Court ultimately granted the 9019 Motion and approved the Settlement as contained therein. (BK D.I. # 653) (the "9019 Approval Order").

Two (2) weeks later, on June 20, 2024, the Appellant appealed the 9019 Approval Order,

---

[1] For a full summary of the complex, protracted, and contentious litigation surrounding the Debtors' bankruptcies through January 5, 2024, see Memorandum Opinion and Order (BK D.I. #549) (the "Trustee Order"), which the Appellee included in his Designation of Additional Items to be Included in the Record on Appeal (D.I. #3).

3

thereby initiating the Appeal (D.I. #1, BK D.I. #685) (the "Appeal"). That same day, but shortly after the Appeal was filed, VSI filed a Reconsideration Motion seeking reconsideration and clarification of the 9019 Approval Order (the "Reconsideration Motion"). (BK D.I. #686).[2] Thereafter, on July 9, 2024, the Appellee filed its opposition to the Reconsideration Motion (the "Opposition to the Reconsideration Motion") (BK D.I. #700). The Appellee submits that the near-simultaneous filing of the Appeal and the Reconsideration Motion is not mere serendipity and that VSI and Rembrandt are acting in concert to delay and extend the Trustee's administration of the Debtors' bankruptcy estates. This includes the Trustee's efforts to sell the Debtors' assets at auction. The Reconsideration Motion is currently set to be heard by the Bankruptcy Court on October 4, 2024. The Trustee has requested, in his Opposition to the Reconsideration Motion, that it be denied outright.

On July 5, 2024, the Appellant filed its Statement of Issues on Appeal. However, when the Appellant did so, it once again violated the rules of this Court, by failing to designate the transcript of the hearing on the 9019 Motion as part of the record on appeal. (D.I. #2). As a result, the Court was forced to notify the Appellant and filed a notice that the Designation of Record on Appeal was not filed. (D.I. #4). The Appellant never complied with the Court's directive.

It was only after the <u>Appellee</u> filed its Designation of Additional Items to be Included in the Record on Appeal on July 19, 2024 (D.I. #3), that the transcript became part of the record on appeal, and the Court marked the Designation of Record on Appeal as being filed on July 24, 2024. (D.I. #5). This event triggered the filing of the Briefing Schedule, which gave the Appellant until August 23, 2024, to file the Appellant's brief. This is no surprise, as the timing of the required

---

[2] The Motion asserts that the Appeal was initiated after the Reconsideration Motion was filed; however, that is not true. While they were both filed on June 20, 2024, the Reconsideration Motion was, in fact, filed after the Appeal was initiated. The Notice of Appeal was filed at 4:17 PM EST (BK D.I. #685), and the Reconsideration Motion was filed at 8:14 PM EST (BK D.I. #686).

briefs is explicitly and clearly set forth in the Local Rules and Bankruptcy Rules.

Additionally, on July 25, 2024, the Court entered an Order that instructed both the Appellant and Appellee to file corporate disclosure statement as required by Federal Rule of Civil Procedure ("Federal Rule") 7.1 within ten (10) days as both parties had failed to do so at the time of the filing of their first appearances. F.R.C.P. 7.1(b)(1). (D.I. #7). Thereafter, the Appellee filed its 7.1 disclosure statement that same day (D.I. #8), and the Appellant filed theirs, a one (1) page document, four (4) days later on July 29, 2024. (D.I. #10).

August 23, 2024, came and went, and the Appellant failed to file its brief. The untimely Motion is disingenuous. The Appellant feigns that it never knew the brief was due and then unreasonably asks the Court for an undetermined amount of time to file its brief. Any delay in these proceedings is prejudicial to the Appellee who is in the midst of a sale process in the Bankruptcy Court.

## II.  LEGAL ARGUMENT

### A.  Opposition to the Motion for Extension of Time.

#### a.  The Motion Should be Denied.

Courts routinely decline to grant extensions of deadlines after the deadline has passed, as the Appellant has requested of the deadline to file its brief here. *See, e.g.*, *Guiuan v. Wells Fargo Bank, N.A.*, No. CV 18-11423 (ES), 2020 WL 219870, at *3 (D.N.J. Jan. 15, 2020); *In re Am. Metrocomm Corp.*, 328 B.R. 92, 93-94 (D. Del. 2005). Indeed, Local Rule 8018-1 states: "A motion for an extension of time [to file an appellant brief] should be made at least 3 days in advance of the due date for filing the brief." L.B.R. 8018-1(b). While this alone would be enough to deny the Motion, it also must be denied because (i) the Reconsideration Motion has no effect on the Appeal, and (ii) the Appellant has willfully ignored various rules that govern the Appeal.

i. **The Reconsideration Motion has no effect on the Appeal**.

The Appellant argues that the Appeal cannot proceed until the Bankruptcy Court decides the Reconsideration Motion; however, that statement is false. There is nothing in the Local Rules or the Bankruptcy Rules that states a motion to reconsider stays an appeal.[3] Indeed, the exact opposite is true - the outcome of the Reconsideration Motion does not and cannot have any effect on the Appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the [appellate court] and divests the [trial court] of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Accordingly, "[f]iling a notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal. *Bialac v. Harsh Inv. Co. (In re Bialac)*, 694 F.2d 625 (9th Cir. 1982); *Hyman v. Iowa State Bank (In re Health Care Prods.)*, 169 B.R. 753, 755 (M.D. Fla. 1994); *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986); *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill.), aff'd, 69 F.3d 830 (7th Cir. 1995); *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987). The Bankruptcy Court only has jurisdiction to issue an indicative ruling under Rule 8008 of the Bankruptcy Rules.

Bankruptcy Rule 8008 specifically governs motions filed during the pendency of an appeal and the bankruptcy court's authority to rule on them. F.R.B.P. 8008(a). Under Rule 8008, a bankruptcy court retains the authority to address a timely motion for relief, which the court might otherwise be unable to consider because of a pending appeal, by either (1) deferring consideration of the motion, (2) denying the motion, or (3) indicating either that it would grant the motion if the appellate court remanded for that purpose or that the motion "raises a substantial issue." F.R.B.P.

---

[3] The Motion fails to include the grounds for the relief sought, any legal argument, and a Bankruptcy Rule 8015(h) certification in violation of Bankruptcy Rule 8013. F.R.B.P. 8013(a)(2)(A); (f)(3)(A).

8008(a). Apart from issuing an indicative ruling pursuant to Rule 8008 while an appeal is pending, bankruptcy courts are not authorized to rule on motions filed pursuant to Federal Rule 60(b), Rule 9023, and Rule 9024. *In re Salas*, Case No. 18-00260, 28 (Bankr. D.D.C. Oct. 13, 2020).

The Appellant's allegation that the thirty (30) day window in which it had to file its brief could not begin to run until there was a decision on the Reconsideration Motion ignores all of the above well-established law. Further, it ignores the Opposition to the Reconsideration Motion, in which the Appellee laid out this same argument – that the Reconsideration Motion cannot have any effect on the Appeal. The Appellant's argument is nothing but a flimsy excuse for its failure to timely file its brief, all in furtherance of its tactic to delay the sale anticipated in the Debtors' bankruptcy proceedings.

The Appellant would have this Court ignore a myriad of well-established case law and statutory precedents in order to grant the relief sought in the Motion. The Appellant's lackadaisical approach to the Appeal and repeated failure to comply with the Local Rules and the Bankruptcy Rules cannot be rewarded by this Court. Therefore, the Motion must be denied.

      **ii.**   **The Appellant has willfully ignored various rules that govern the Appeal.**

The Appellant, by attempting to use the Reconsideration Motion as an excuse for its failure to timely file its brief, blatantly ignores the Bankruptcy Rules governing appellate procedure. Specifically, the Appellant's argument completely ignores Bankruptcy Rules 8009 and 8018, which lay out, without exception, the timeline for an appeal. Pursuant to Bankruptcy Rule 8009, an appellant must file and serve the designation of record on appeal and the statement of issues on appeal fourteen (14) days after a notice of appeal is filed. F.R.B.P. 8009(a)(1)(B). An appellee then has an additional fourteen (14) days to file and serve a designation of additional items to be included on the record. F.R.B.P. 8009(a)(2). Bankruptcy Rule 8018 then provides an appellant

thirty (30) days after the docketing of notice that the record has been transmitted to file its brief. F.R.B.P. 8018(a)(1).

Here, the Court marked the record as transmitted on July 24, 2024 (D.I. #5). This event was further evidenced by the Court's filing of the Briefing Schedule, which explicitly laid out that the Appellant had thirty (30) days to file its brief in accordance with Bankruptcy Rule 8018.[4] As stated above, the Appellant failed to file its brief within the thirty (30) days allotted by Bankruptcy Rule 8018 and in accordance with the Briefing Schedule. Query what the Appellant thought the Briefing Schedule meant if not that the clock had begun to run on the time for it to file its brief.

Any confusion the Appellant had with respect to the briefing schedule was its own and does not demonstrate cause for the relief sought in the Motion. The Appellant's feigned "confusion" could have been easily solved by looking to the Bankruptcy Rules or by asking for the Court's clarification at the time the Briefing Schedule was filed. Instead, the Appellant waited until twelve (12) days after its brief was due to file the Motion seeking clarification of the Briefing Schedule and an extension of time to file its brief. The Appellant doing so without even attempting to confer with the Appellee – until its counsel left a voicemail for counsel to the Appellee only moments before the Motion was filed.

Further, under Local Rule 8018-1, the Appellant would have had to file the Motion on at least August 20, 2024, three (3) days before its brief was due – it did not. L.B.R. 8018-1(b). As stated above, the Appellant filed the Motion twelve (12) days after its brief was due, making the Motion procedurally improper under the Local Rules.

---

[4] If the Appellant believes its own argument to be true, and that the Reconsideration Motion had to be decided for the appeal to proceed, the Appellant would be admitting that it never intended to abide by the thirty (30) day timeline laid out in Bankruptcy Rule 8018.

4858-5317-8081 v5

The Appellant has willfully chosen to ignore the Local and Bankruptcy Rules concerning appellate procedure. A simple review of Bankruptcy Rules would have answered any and all questions the Appellant had with respect to the Briefing Schedule. Therefore, the Motion must be denied. The Appellant's counsel being unaware of the Bankruptcy Rules governing appeals from the Bankruptcy Court is not a basis for an extension to be granted after the due date.

### B. Cross-Motion to Dismiss the Appeal

The Appellant's repeated failures to comply with the Local Rules, Bankruptcy Rules, and the deadlines set by this Court demonstrate that the Appeal must be dismissed. The most egregious of these failures being the Appellant's failure to file its brief when due – on August 23, 2024.

Under Bankruptcy Rule 8018: "If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal…" F.R.B.P. 8018(a)(4). Courts have held that a motion to dismiss an appeal based on an appellant's failure to file its brief timely should be analyzed under the six (6) factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The *Poulis* factors are as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Id.; see, e.g.*, *Guy v. Winnecour*, No. CV 23-1284-MJH, 2023 WL 7386566, at *1 (W.D. Pa. Nov. 8, 2023). Each of the six (6) factors need not be satisfied for an appeal to be dismissed. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

As detailed above, the Appellant has a history of dilatory actions in the Appeal, including its failure to properly designate the record on appeal, failure to file its 7.1 disclosure statement in

accordance with the Federal Rules, failure to file its brief, and failure to ask for an extension of time to file said brief three (3) days prior to its due date, on August 23, 2024. The filing of the Motion itself is even a dilatory action. *Guiuan v. Wells Fargo Bank, N.A.*, No. CV 18-11423 (ES), 2020 WL 219870, at *3 (stating that requesting an extension of a deadline after an appeal is a dilatory action). Indeed, the failure to designate the record on appeal is alone enough for dismissal. F.R.B.P. 8003(a)(2); *In re Truong*, 513 F.3d 91, 93 n.2 (3d Cir. 2008) (holding that district courts are permitted to dismiss bankruptcy appeals when an appellant fails to designate the record on appeal in accordance with Bankruptcy Rule 8009(a)(1)); *see also*, *In re One2One Communs, LLC*, 805 F.3d 428, 449 (3d Cir. 2015).

Undoubtedly, the conduct of the Appellant was not only willful but also in bad faith. The haphazard filing of the Motion, nearly two (2) weeks after the Appellant's brief was due, filled with nonsensical excuses, feigned and inexcusable ignorance of the Local and Bankruptcy Rules, and seeking an extension for an undetermined amount of time <u>after the deadline passed and in violation of the Local Rules</u> is a clear demonstration of the Appellant's bad faith. The Appellee asserts that these actions are all part of the Appellant's bad faith attempt to delay the Debtors' bankruptcy proceedings.

The Appellant is wholly responsible for the failure to file its brief. The Motion itself makes this clear as it plainly admits that the Appellant knowingly failed to file its brief. In turn, this failure has greatly prejudiced the Appellee and the Debtors as it has delayed the sale of the Debtors' assets and their bankruptcy proceedings on the whole and grossly driven up legal expenses for the Debtors' bankruptcy estates.

The Appellant's actions in the Appeal make it clear that the Appeal must be dismissed; no other sanctions will suffice. Indeed, monetary sanctions would not be sufficient as they would

allow the Appellant to proceed with the Appeal and continue its dilatory behavior, which it cannot be allowed to do. The Appellant has used this Court and the appellate process to inject uncertainty into the Settlement and derail the sale process; it cannot be allowed to continue to use this Court for that purpose. Dismissal is the only remedy that will prevent this.

Finally, even if the Appellant was allowed to go forward with the Appeal, its claims, to the extent they can be determined at this time, are meritless. The Appellant's Statement of Issues on Appeal fails to raise the *Martin* factors as issues on appeal. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). To be clear, the 9019 Motion and the Settlement did not need to satisfy every party; it only needed to satisfy the Trustee's duties and the *Martin* factors. Without addressing the *Martin* factors, or where the court erred in its application of the *Martin* factors, the Appellant's claims are meritless.

Therefore, for all the above-stated reasons, and especially due to the Appellant's failure to file its brief, the Appeal must be dismissed.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

### III. CONCLUSION

It is clear from all of the above that any alleged confusion the Appellant has with respect to the Briefing Schedule is wholly feigned. Rather than admit it missed the deadline to file its brief, the Appellant has concocted an excuse that defies logic, established law, the Local Rules, and the Bankruptcy Rules. The Appellant's failure to file its brief, combined with its actions throughout the Appeal, serve as grounds to dismiss the Appeal in its entirety. Therefore, for the reasons set forth herein, the Appellee respectfully requests that the Court (i) deny the Motion, (ii) grant the Cross-Motion dismissing the Appeal, and (iii) grant such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Edmond M. George*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
edmond.george@obertmayer.com
michael.vagnoni@obermayer.com
*Counsel to William Homony, Chapter 11 Trustee*

Dated: September 9, 2024