## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC., | : |
| *Debtors-in-Possession*, | : |
| v. | : |
| | : C.A. No: 2:24-cv-02727-JMG |
| REMBRANDT 3D HOLDING LTD., | : |
| *Creditor,* | : |
| AND | : |
| WILLIAM A. HOMONY, | : |
| *Trustee.* | : |

### RESPONSE TO CROSS-MOTION PURSUANT TO
### FEDERAL RULE OF BANKRUPTCY PROCEDURE
### 8018 TO DISMISS APPEAL

Rembrandt 3D Holding Ltd. ("Rembrandt") respectfully files this response to the

cross-motion to dismiss the appeal in its entirety pursuant to Bankruptcy Rule 8018.

Rembrandt owns intellectual property that was and is being used by Stream TV

Networks, Inc and its subsidiaries (collectively "Stream"). Rembrandt sued Stream in the

Southern District of New York and resolved the litigation through a settlement agreement

dated May 23, 2021 (*see* Exhibit 1 to Declaration of Christopher Michaels, DI 69-1 below).

Rembrandt's sole objectives are to see payment under the settlement agreement,

receive the contracted displays at cost, and to have its intellectual property rights preserved.

The Trustee's counsel argues that Rembrandt is acting "in concert with Visual

Semiconductor, Inc. ("VSI")," with the purpose to "delay the Debtors' bankruptcy

proceedings and the sale of their assets." Rembrandt gains no advantage in any delay. Quite the opposite, the faster an appropriate sale or plan is approved, the faster Rembrandt is paid and receives its displays or Rembrandt's technology is removed from any assets sold and Rembrandt gains the entirety of its technology back.

It is entirely correct that Rembrandt is actively seeking to block the misappropriation of its technology and illegal sale of its technology.  Stream had no technology of its own upon formation.  All the parties agree that Stream needed a license from Philips to start and the original funding from the secured creditors facilitated payment for a license from Philips. Both the Philips license agreement and the Rembrandt settlement agreement do not allow the licenses to be assigned.  (*See* paragraphs 41 and 42 of Declaration of Christopher Michaels, DI 643-1 below). Any attempt to sell the assets of Stream could not include either the Philips or Rembrandt technology.  However, the trustee is attempting to sell the assets "as is, where is" and in their current state includes both Philips and Rembrandt technology.

 "A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the property is property of the estate."  *In re Whitehall Jewelers Holdings, Inc*., Case No. 08-11261(KG) (Jointly Administered), Re Dkt. Nos. 15 and 314 (Bankr. D. Del. Jul. 28, 2008; *see also*, *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001) ("[T]he property that can be sold free and clear under section 363(f) is defined by subsections (b) and (c) of section 363 as `property of the estate.'"); *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 266 (B.A.P. 9th Cir. 2005) (even before one gets to Section 363(f), Section 363(b), as interpreted by Rodeo, requires that the estate demonstrate that the property it proposes to sell is "property of the estate."); *Anderson v. Conine (In re Robertson)*, 203 F.3d 855, 863 (5th Cir. 2000) (holding that section 363(f) does

not permit a trustee to sell the property of a non-debtor spouse because such property was not "property of the estate"); *In re Coburn*, 250 B.R. 401, 403 (Bankr. M.D. Fla. 1999) (finding it necessary to determine whether an asset is property of the estate in order to decide whether the trustee is entitled to sell the asset pursuant to section 363(f)).

     The Trustee is complaining that Rembrandt is potentially adding delays to their plan to sell assets the estate does not own. Rembrandt clearly owns its intellectual property and that intellectual property must be removed from the any property sold by the estate. If the trustee removes Rembrandt's intellectual property from the assets sold, Rembrandt has no objection to any sale of the remaining assets of Stream. Likewise, the Philips license calls for a specific process of removing the Philips intellectual property after termination of their license. In other words, Rembrandt's position is completely consistent with common practice in intellectual property licensing, the actual contracts among the parties in this case, and all case law related to what property a trustee can sell.

     The Trustee must bring a proceeding to determine what assets belong to Stream and those intellectual property assets that belong to Rembrandt and Philips. Either that, or the Trustee should pursue a plan to sell Stream as a corporate entity leaving the existing licenses intact and Rembrandt would support such an effort. It is the inappropriate sale of assets that include Rembrandt's IP without authorization or license that Rembrandt objects to, not the sale of assets. In this way, it is clear that Rembrandt's interests are not aligned with VSI's as a sale of the company with the Rembrandt license intact would not be in VSI's interests, yet would clearly be supported by Rembrandt.

     The 3rd Circuit has stated: "[w]e reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the

Supreme Court, *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781, and are to be reserved for comparable cases." *Poulis v. State Farm Fire and Cas. Co*., 747 F.2d 863, 867-868 (3d Cir. 1984).

In the present case, various members of Rembrandt's counsel, including counsel not of record, believed the time frame for filing the brief would run from the date the reconsideration motion was concluded and added to the record on appeal.  Rembrandt expected the brief would be filed timely and gains no advantage by filing it late.  Considering the appeal brief after the motion for reconsideration is filed causes no prejudice to the Appellees as VSI has filed a motion for reconsideration and if it loses, is likely to file an appeal as well.  No additional delay is added to the litigation, particularly in light of the potential of what would here be an emergent cross-appeal.  Rembrandt's did not act in bad faith, and there is no suggestion that Rembrandt moved in bad faith—the fact that Rembrandt brought the issue to the Court's attention through its motion, once it realized the concern, and sought clarity on the time frame for the brief to run from decision on the motion for reconsideration might be in question.

No delay or injury has been caused by Rembrandt.  Further, there a numerous other possible means to redress Appellee concerns outside of a full dismissal of the appeal. Lastly, Rembrandt's position is that its intellectual property should not be sold by Appellee and is meritorious position.  The only reason the Appellee is potentially facing any delay at all is because it is attempting to sell Rembrandt's property. In other words, all of the Appellee's problems are caused by its own actions in breaching the terms of the existing intellectual property licenses with Rembrandt and Philips and violating the dictates of the case law related to what property a trustee can sell.

For the foregoing reasons, Rembrandt respectfully requests that the Court clarify that the deadlines in the briefing schedule (D.I. 6) are tolled pending resolution of VSI's Motion to Reconsider, or, in the alternative, extend the briefing deadlines such that Rembrandt's opening brief begins 30 days after the final decision on VSI's Motion to Reconsider.

Dated: September 16, 2024

*/s/ Andrew DeMarco*
Andrew DeMarco, Esq. (PA Bar No. 326294)
ademarco@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010

*Attorneys for Rembrandt 3D Holding Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Andrew DeMarco*
Andrew DeMarco