IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STREAM TV NETWORKS, INC., *et al.*, Debtors-in- Possession, | : : : |
| v. | : : Civil No. 2:24-cv-02727-JMG |
| REMBRANDT 3D HOLDING LTD, Creditor. | : : : |

**ORDER**

**AND NOW**, this 16th day of December, 2024, upon consideration of Appellant Rembrandt 3D Holdings Ltd.'s Motion to Clarify Deadlines, or in the Alternative, for Extension of Time (ECF No. 11), Appellee William A. Homony's Response to the Motion to Clarify Deadlines and Cross-Motion to Dismiss the Appeal (ECF No. 12), and Appellant's Response to the Cross-Motion to Dismiss the Appeal (ECF No. 13), **IT IS HEREBY ORDERED** that the Motion to Clarify Deadlines, or in the Alternative, for Extension of Time (ECF No. 11) is **GRANTED** and the Cross-Motion to Dismiss the Appeal (ECF No. 12) is **DENIED**.[1]

---

[1] The underlying bankruptcy action in this appeal began last year. On March 15, 2023, the Debtors, Stream Tv Networks, Inc. and Technovative Media, Inc., filed bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The Debtors and Secured Creditor, Hawk Investment Holdings, Ltd., later entered into a proposed settlement agreement and filed a motion seeking approval of the agreement under Federal Rule of Bankruptcy Procedure 9019. The Bankruptcy Court approved the settlement on June 6, 2024.

Two weeks later, this Court received the first appeal related to the case below when the Appellant appealed the approval order. That same day, Visual Semiconductor, Inc. ("VSI") filed in the Bankruptcy Court a Motion to Reconsider the same approval order. A briefing schedule for the appeal was issued the next month on July 24, 2024, which set the due date for Appellant's brief as August 23, 2024.

Appellant did not file its brief on that day. Instead, on September 3, 2024, Appellant filed a motion to clarify when its brief was due. If the brief was due before the Bankruptcy Court ruled

on VSI's reconsideration motion in the court below, then Appellant requested an extension to submit the brief 30 days after the Bankruptcy Court's ruling. Appellee responded on September 9, 2024, by moving to dismiss the appeal because Appellant did not file its brief on time, did not request a timely extension, and failed to comply with other procedural rules.

"An appellee may move to dismiss a bankruptcy appeal where the appellant fails to file and serve a brief within the time limits set forth in Rule 8018 or otherwise set by the Court." *Guiuan v. Wells Fargo Bank, N.A.*, 2020 WL 219870, at *2 (D.N.J. Jan. 15, 2020) (citing Fed. R. Bankr. P. 8018(a)(4)). District Courts "may dismiss a bankruptcy appeal for lack of prosecution." *Id.* (citing *In re New Century TRS Holdings, Inc.*, 619 F. App'x 46, 48 (3d Cir. 2015)) (other citations omitted).

In determining whether to dismiss an appeal for lack of prosecution, the Court must consider the six factors listed in *Poulis v. State Firm Fire & Casualty Company*, 747 F.2d 863 (3d Cir. 1984). These factors include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *id*. at 868).

The Court will apply each *Poulis* factor to this appeal. The first factor evaluates the extent of the party's personal responsibility. *Poulis*, 747 F.2d at 868. The Appellant's brief was due on August 23, 2024 and has not yet been submitted. Appellee argues that "Appellant is wholly responsible for the failure to file its brief." ECF No. 12, at 10. Generally, "when an appellant proceeds *pro se*, the individual is personally responsible for his or her actions." *Heine v. Wells Fargo Bank, NA*, 2020 WL 7417812, at *3 (D.N.J. Dec. 18, 2020) (citations omitted). But the Appellant here is represented by counsel. And it is unclear from the record whether the failure to file the brief on time is the result of the Appellant's "attorney's neglect or [Appellant's] own inattention. As such, the Court cannot find that the Appellant's personal responsibility weighs in favor of dismissal." *In re Innovative Commc'n Corp.*, 2013 WL 5432316, at *4 (D.V.I. Sept. 27, 2013).

The second factor weighs prejudice to the Appellee caused by the Appellant's failure to file its brief. *Poulis*, 747 F.2d at 868. Appellee argues that Appellant's failure to submit its brief "has greatly prejudiced the Appellee and the Debtors as it has delayed the sale of the Debtors' assets and their bankruptcy proceedings on the whole and grossly driven up legal expenses for the Debtors' bankruptcy estates." ECF No. 12, at 10. The Court agrees that Appellant's failure to file its brief has caused both delay in the underlying bankruptcy action and increased legal costs. Thus, the Court finds that this factor weighs in favor of dismissal. *See Lee v. Sunrise Sr. Living, Inc.*, 455 F. App'x 199, 201-02 (3d Cir. 2011) (finding prejudice because plaintiff's "conduct prejudiced the defendants by impeding their efforts to resolve this case, causing them to file unnecessary motions, and requiring them to incur extra expenses").

The third factor addresses the Appellant's history of dilatoriness. *Poulis*, 747 F.2d at 868. In addition to not filing its brief, Appellant failed to properly designate the record on appeal,

failed to file its 7.1 disclosure statement in accordance with the Federal Rules, and failed to file timely its motion for an extension of time to file its brief. ECF No. 12, at 9-10. All these failures show a "sufficient history of dilatoriness in this matter such that the third *Poulis* factor weighs in favor of dismissal." *In re Innovative Commc'n Corp.*, 2013 WL 5432316, at *5.

The fourth factor assesses whether the Appellant's or its counsel's conduct was willful or in bad faith. Appellant did not file its brief on the deadline and now attempts to excuse itself by claiming that "various members of [its] counsel, including counsel not of record, believed the time frame for filing the brief would run from the date the reconsideration motion was concluded and added to the record on appeal." ECF No. 13, at 4. But the briefing schedule was clear that Appellant had to file its brief "30 days after the entry of the record on appeal." ECF No. 6. Appellant does not cite a single rule or case that would lead it to believe that the deadline for filing the brief instead would be tolled until the reconsideration motion was resolved by the Bankruptcy Court. In fact, as Appellee points out, Federal Rule of Bankruptcy Procedure 8008 makes clear: "a bankruptcy court retains the authority to address a timely motion for relief, which the court might otherwise be unable to consider because of a pending appeal, by either (1) deferring consideration of the motion, (2) denying the motion, or (3) indicating either that it would grant the motion if the appellate court remanded for that purpose or that the motion 'raises a substantial issue.'" ECF No. 12, at 6-7 (quoting Fed. R. Bankr. P. 8008(a)). Therefore, the fourth *Poulis* factor also weighs in favor of dismissal.

The fifth factor analyzes the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. Here, the Court must consider whether a "less severe sanction" would be appropriate. *In re Pizarro*, 2022 WL 1819095, at *1 (3d Cir. June 3, 2022). One possible alternative to dismissal is granting "an extension of time within which to file [the] [A]ppellants' brief[]." *In re Innovative Commc'n Corp.*, 2013 WL 5432316, at *5. Although the facts here demonstrate a history of dilatoriness and willfulness, this Court acknowledges that it has not granted any extensions of time to file the brief. This factor then cuts against dismissal.

The sixth factor considers the meritoriousness of Appellant's claim. *Poulis*, 747 F.2d at 868. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id*. at 869-70. In this case, "because the Appellant failed to file an opening brief . . . the bases of Appellant's claims are unclear." *Heine*, 2020 WL 7417812, at *3. Therefore, the Court cannot say that the final *Poulis* factor favors dismissal.

A review of the factors reveals that Appellant has engaged in willful dilatoriness that has caused Appellee prejudice. "But '[n]ot every failure to follow procedural rules mandates dismissal of the appeal.'" *In re Lawson*, 774 F. App'x 58, 59 (3d Cir. 2019) (quoting *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983)). Here, although there are several factors weighing in favor of dismissal, the Court still has at its disposal an alternative less severe than dismissal— granting an extension to file the brief. The availability of this alternative, coupled with the Third Circuit's "preference that cases be disposed of on the merits whenever practicable," have convinced this Court to grant the motion to extend the deadline to file Appellant's opening brief. *In re Lawson*, 774 F. App'x at 59 (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

**IT IS FURTHER ORDERED** that the Appellant shall serve and file its brief by **December 23, 2024**.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

While the Court has found that dismissal is not appropriate and has granted an extension, Appellant is walking a fine line and should not continue playing it cute. In fact, Appellant should not expect this Court to impose less severe alternatives for any further procedural violations.

[2]  In its motion, Appellant asked for an extension to submit the brief 30 days after the Bankruptcy Court ruled on the Motion to Reconsider. The Bankruptcy Court denied the reconsideration motion on November 14, 2024, which makes the Appellant's deadline December 14, 2024. Because this decision arrives shortly after that date, the Court will provide some additional time. But, as mentioned before, the Court expects a timely brief.